IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DOROTHY R. MOYER,

    Plaintiff,

    v.                                                    No. 2:13-CV-00164 WPL/SMV

THE VILLAGE OF FORT SUMNER,
NEW MEXICO, a municipality
Existing under the laws of the
State of New Mexico, and WINDELL
BRIDGES, individually,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

THIS MATTER comes before the Court upon Defendants' Motion to Dismiss Plaintiff's §1983 Race-Based Discrimination and Retaliation Claims, filed June 7, 2013 **(Doc. 18)**. Having reviewed the parties' briefs and applicable law, I find that Defendants' motion is granted with respect to the dismissal of the retaliation claim in Count III (Equal Protection), and regarding the dismissal of Windell Bridges as a Defendant in Counts II and III (breach of contract and equal protection); but that the motion is denied at this time regarding the dismissal of Defendant Bridges from Count I (FLSA claim) and regarding Plaintiff's amendment to the complaint clarifying the equal protection claim.

**BACKGROUND**

This is an employment discrimination case. Plaintiff worked for the Village of Fort Sumner ("Ft. Sumner") as Airport Manager from September 2005 until May 2011, when she was terminated. Many of her claims in this lawsuit are alleged against Defendant Windell Bridges, who was acting Mayor of the Village of Ft. Sumner during that time. The Court recently

dismissed some of Plaintiff's claims in partially granting Defendants' motion for summary judgment as follows: Plaintiff's state tort law claims of assault, battery, intentional infliction of emotional distress and prima facie tort (Counts V through VIII); and Plaintiff's claim in Count IV brought under the New Mexico's Whistleblower Protection Act, NMSA 1978, §10-16C-1. *See* Doc. 15 ("May 20, 2013 Order").  As a result of those rulings, the only remaining claims in this case are currently, Plaintiff's claim in Count I brought under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA"), a breach of contract claim in Count II, and an Equal Protection claim in Count III.  In the May 20, 2013 Order, the Court deferred ruling on the Equal Protection claim, allowing Plaintiff to amend the complaint to "clarify the basis for her equal protection claim." Doc. 15 at 14.  The Court noted that Plaintiff did not make sufficiently clear the basis on which she was alleging an Equal Protection claim.  She did not claim to be part of a recognized suspect class, nor did she allege the violation of a fundamental right.  The Court also pointed out that Plaintiff was precluded from alleging a "class of one," since such claims do not apply in the public employment context.

Pursuant to the Court's Memorandum Opinion and Order, Plaintiff filed a timely Amended Complaint on May 28, 2013 (Doc. 16).

## DISCUSSION

The instant motion addresses Plaintiff's Equal Protection claim, seeking dismissal of this claim on several grounds: (1) that in alleging a race-based equal protection claim, Plaintiff has violated the Court's May 20, 2013 Order; (2) that Plaintiff's § 1983 equal protection retaliation claim fails to state a claim upon which relief can be granted and that this also violates the Court's May 20, 2013 Ruling; and (3) that the equal protection claim fails to allege a claim against Mayor Bridges. Defendants also contend that because Plaintiff has not asserted a claim against Defendant Bridges other than in the equal protection claim, he should be dismissed from this lawsuit.

Before embarking on an analysis on these issues, the Court notes that most—if not all—of the matters raised here may have been resolved without the filing of this motion. About one week after Plaintiff filed the Amended Complaint on May 28, 2013, defense counsel, Ms. Gianna Mendoza, sent an e-mail to Plaintiff's counsel, Mr. Eric Dixon, raising certain questions Defendants had regarding the Amended Complaint. First, Defendants requested that Mr. Dixon stipulate to the dismissal of the retaliation claim brought under the Equal Protection Clause, on the basis of Tenth Circuit precedent holding that retaliation claims were not recognized under the Fourteenth Amendment. Ex. A. Ms. Mendoza stated that Defendants would file a motion to dismiss if Plaintiff would not agree to stipulate to the dismissal of this claim. Ms. Mendoza also inquired about whether Mr. Bridges should be kept in the lawsuit at all given that no claims other than the equal protection claim was asserted against him, and also noting that the Amended Complaint was not specific with regard to the acts of each defendant in the equal protection claim. For example, it was unclear as to whether "Defendant" referred to Ft. Sumner or Mayor Bridges in paragraph 29 of the Amended Complaint. Ex. A. Mr. Dixon never responded to the inquiry, but instead, filed his response to Defendants' motion five days later, leaving these questions unresolved for defense counsel.

Defense counsel's June 6th letter should have put Mr. Dixon on notice of certain deficiencies in a pleading which the Court had given him a second opportunity to correct and make clear. Instead, Mr. Dixon continued to allege a retaliation claim under the Fourteenth Amendment's Equal Protection Clause in the face of Tenth Circuit precedent, and did not see fit to clarify paragraph 29 with regard to conduct of specific Defendants.

In their reply, Defendants ask the Court to require Plaintiff to provide them with a more definite statement of her equal protection claim. The Court declines to do so. Plaintiff is represented by counsel, so there is no need to construe pleadings liberally as though Plaintiff was proceeding pro se. *See Northington v. Jackson,* 973 F.2d 1518, 1520-21 (10th Cir. 1992) (pro se

3

complaints must be construed liberally). Plaintiff's counsel has been allowed to amend this claim once already, and he has also been made aware that of certain infirmities in his Amended Complaint, as viewed by Defendants. As a licensed and practicing attorney, Mr. Dixon had the obligation to review his Amended Complaint to determine whether further clarification was needed. For this reason, the Court will take the Plaintiff's counsel at his word—meaning, the Court will rule on the issues raised in the instant motion based on the allegations as they exist in the Amended Complaint

I.    **Legal Standard**

A complaint challenged by a rule 12(b)(6) motion to dismiss does not require detailed factual allegations, but a plaintiff's obligation to set forth the grounds of his or her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.*; *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) ("The [Supreme] Court explained that a plaintiff must 'nudge his claims across the line from conceivable to plausible' in order to survive a motion to dismiss.") (quoting *Twombly*, 550 U.S. at 570).

II.   **Amendment of Equal Protection Claim**

Defendants contend that Plaintiff violated Court's May 20, 2013 Order by expanding her Equal Protection claim beyond the scope of the Order, which allowed Plaintiff to amend the claim to allege liability based on gender. This is an overly narrow reading of the Court's ruling, which stated:

> Apparently having second thoughts on how the complaint was drafted, Plaintiff states in her response that she was the sole female employee at the airport, and that male employees of the water department were paid overtime while she was not. Defendants consider this a new theory of relief, and the Court agrees. Plaintiff's assertions in the complaint gave no indication whatsoever of the theory under which she raised her equal protection claim, and she certainly made no mention of gender, as she now has decided to do in her response. For

4

> this reason, the Court defers ruling on whether this claim should be dismissed pending Plaintiff's amending the complaint to clarify the basis for her equal protection claim. **The Court allows Plaintiff to amend the complaint on this one issue.** Should Plaintiff wish to amend other aspects of the complaint, Plaintiff is required to seek permission of the Court and follow the federal and local rules of procedure in doing so.

Doc. 15 at 14 (emphasis added).  The Court simply found Plaintiff's Equal Protection claim lacking in specificity, although Plaintiff had hinted at gender as a basis in her response brief.  The Court limited Plaintiff's amendment to this one claim, but *how* Plaintiff decided to amend it was not the Court's concern at that point.  Thus, Defendant's motion is denied on this issue.  Plaintiff's allegations in ¶29 of the Amended Complaint allege an equal protection claim of unequal treatment based on "gender and race."[1]

### III.     Retaliation under Equal Protection Clause

Defendants also move for dismissal of any retaliation claim Plaintiff purports to allege under the Equal Protection Clause, and the Court agrees.  A theory of liability for retaliatory conduct does not give rise to a claim under the Equal Protection Clause.  *See Long v. Laramie Cty. Community College Dist.,* 840 F.2d 743, 752 (10th Cir. 1988); *Great American Federal Savings & Loan Ass'n. v. Novotny*, 442 U.S. 366, 378 (1979) (claim of retaliation supports Title VII claim, not Equal Protection claim); *Bernheim v. Litt*, 79 F.3d 318, 323 (2nd Cir. 1996) ("we know of no court that has recognized a claim under the equal protection clause for retaliation following complaints of racial discrimination").  In his response, Plaintiff seems to concede this issue, noting that the Equal Protection claim is based on gender and race.  *See* Doc. 19, ¶ 4 ("Defendants again claim that Plaintiff is claiming "retaliation" under 42 U.S.C. §1983.  However, Count III sets forth a claim of violation of equal protection under gender and race. . . .").   Despite Plaintiff's apparent concession

---

[1]  Plaintiff claims discrimination based on "race," although it is unclear whether discrimination based on "national origin" is more appropriate.  Under Title VII, race and national origin "are distinct bases upon which to rest a discrimination charge. 42 U.S.C. § 2000e–2(a)(1) (making it unlawful "to discriminate against any individual ... because of such individual's race. . .  or national origin" (emphasis added)); *see Deravin v. Kerik*, 335 F.3d 195, 201 (2d Cir.2003) (noting that claims of race discrimination and national-origin discrimination are "conceptually distinct" ).  Similarly, the Equal Protection Clause appears to envision both "race" and "national origin" as protected classes, yet conceptually distinct.  *See Guttman v. Khalsa,* 669 F.3d 11101, 1116 (10th Cir. 2012) (noting that "certain classifications –**such as race or national origin—**are subject to strict scrutiny) (emphasis added).

5

in her response brief, Paragraph 30 of the Amended Complaint still alleges a retaliation claim under Count III (Equal Protection):

> Throughout the term of her employment Ms. Moyer complained on a repeated basis to the Village Clerk Ronald Sena, the Village Counsel, Ron Chavez and Mayor Bridges that she was not being paid over-time for on call time despite the fact that members of the water department received over-time for on-call time.  She was told by the Clerk, Mayor and Village Council that she was not paid for on-call time because the air port [sic] did not make enough money. She **was retaliated against by the Village, the Mayor and the Clerk for her opposition to this illegal practice and it was a motivating factor for her by being terminated from her job**.

Doc. 16, ¶ 30 (emphasis added).    Whether ¶ 30 was inadvertently overlooked in drafting the Amended Complaint, the assertions in that paragraph are useless and fail to state a claim under the Equal Protection Clause because they allege a claim for retaliation.    Accordingly, Defendants' motion is granted on this issue.

### III.  Mayor Bridges

Last, Defendants contend that because the only claim alleged against Mayor Bridges is Plaintiff's legally unviable equal protection retaliation claim, he should be dismissed from this lawsuit because Mayor Bridges is "conspicuously absent" from the other claims.

The Court agrees with Defendants generally.  The Amended Complaint mentions "retaliation" only twice.  In paragraph 16 of the Amended Complaint, within the general allegations, Plaintiff states that she was "terminated from her employment . . . in retaliation for requesting an investigation of his harassment of Plaintiff."   Plaintiff gives no description or explanation of this "harassment," nor does she provide any hint as to what the theory of liability might be for this conduct, and the Court certainly does not intend to go any further in doing counsel's work for him in drafting a complaint.

### A.  Equal Protection Claim

The Amended Complaint also refers to retaliatory conduct in Count III as part of Plaintiff's Equal Protection claim:

[Plaintiff] **was retaliated against** by the Village, the Mayor and the Clerk for her opposition to this illegal practice and it was a motivating factor for her by being terminated from her job. Doc. 16, ¶ 30 (emphasis added).

The Court has already determined that a retaliation claim cannot lie under the Equal Protection Clause (see discussion above), thus, Plaintiff cannot assert such a claim against Mayor Bridges.  Other than those two references, there is no other mention of either "retaliation" or "Mayor Bridges" anywhere else in the Amended Complaint.

In the response brief, Plaintiff states that Defendant Bridges "approved of and ratified the discrimination" (Doc. 19, ¶ 4), which suggests that Plaintiff may be trying to assert a claim against Mayor Bridges in the equal protection claim based on a theory of gender and race discrimination. However, nowhere in the Amended Complaint is this stated or suggested.   Paragraph 29 alleges gender and race discrimination against a singular "Defendant," which given the contextual language in that paragraph, refers Plaintiff's to employer—the Village of Ft. Sumner.  Defendant Bridges is not mentioned, nor is there any reference to "approval" or "ratification" of the alleged discrimination anywhere in Count III.   The Court views the allegations in the Amended Complaint on their face, and will not read into Count III any claims against Defendant Bridges that are not stated, particularly when Plaintiff's counsel was made aware of a lack of clarity on these issues by Defendants.  Plaintiff's counsel did not seek leave to amend the complaint to clarify those issues.   The Court is reluctant to attribute sloppiness or laziness on the part of Plaintiff's counsel, leaving the Court to assume that Plaintiff's counsel chooses to leave the allegations as they now stand in the Amended Complaint.  The allegations as they now stand fail to allege a claim of gender or race discrimination asserted against Mayor Bridges in Count III, and Defendant's motion is granted on this issue as well.

B.     Breach of Contract Claim (Count II)

Within the e-mail sent to Mr. Dixon, defense counsel inquired as to whether Mayor Bridges should remain in this lawsuit because he was not a party to the contract at issue in this case.

Because Plaintiff's counsel has not made any effort to clarify these questions, the Court will rely on the language in the Amended Complaint for resolution.

Plaintiff's breach of contract claim in Count II is asserted against "Defendant," which, given the singular form, is assumed to be her employer, Village of Ft. Sumner, with whom she allegedly entered into a contract of employment. Doc. 16, ¶24 ("Plaintiff entered into a contract with Defendant."). Similarly, references to a "Personnel Policy" maintained by "Defendant," and to Plaintiff's "duties" for "Defendant" also comport with the assumption that "Defendant" in the singular form means the Village of Ft Sumner. ¶¶11 & 12. Therefore, the Amended Complaint does not assert a breach of contract claim against Mayor Bridges and Defendants' motion is granted on this issue.

C.   FLSA Claim (Count I)

Whether Defendant Bridges should be dismissed from Plaintiff's FLSA claim is a thornier issue. In her e-mail to Mr. Dixon, Ms. Mendoza stated that "[g]iven there is no individual liability against public employers under the FLSA . . . I read Plaintiff's complaint to assert only her equal protection claim against Mayor Bridges. Is this correct?" However, the e-mail does not include any legal authority to support the statement that individual liability does not exist against public employers under the FLSA.

The FLSA defines "employer" as including "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency." 29 U.S.C. 203(d). The Supreme Court has instructed courts to construe the terms "employer" and "employee" expansively under the FLSA. *Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 326 (1992). However, based on the Court's initial review of case law on this subject, it is far from clear whether Defendant Bridges, as a public employee, can be held individually liable under the FLSA.

The Court declines to delve into a rather complex issue which neither counsel has addressed. For now, Defendant Bridges remains in Count I as a Defendant unless and until Defendants choose to raise the issue in a later motion that is subject to adequate briefing.

## CONCLUSION

In sum, the Court finds and concludes that Defendants' motion is denied in that Plaintiff's Amended Complaint conformed to this Court's Order allowing clarification of the Equal Protection claim in Count III.

The Court further finds and concludes that Defendants' motion is granted in that Plaintiff has not stated a viable retaliation claim under the Equal Protection Clause.

Finally the Court finds and concludes that Defendant Bridges is dismissed as a Defendant in Count II (breach of contract) and Count III (Equal Protection), but shall remain as a Defendant in Count I (FLSA) until such time as the issue of individual liability under the FLSA for public employees is adequately raised and addressed by the parties.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Dismiss Plaintiff's §1983 Race-Based Discrimination and Retaliation Claims **(Doc. 18)** is granted in part and denied in part, as described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE